## Case No. 18,148.

### In re YOUNG et al.

[3 N. B. R. 440 (Quarto, 111).] [1]

District Court, E. D. Missouri. 1869.

BANKRUPT—EXEMPTION OUT OF FIRM ASSETS.

Where the assignee had allowed the two members of a bankrupt firm an exemption, under the laws of Missouri, of one hundred and fifty dollars each, out of partnership assets, there being no individual assets, the register disallowed the same, and on application of the bankrupt's attorney, certified facts for opinion of the court. *Held*, the bankrupts were entitled to the exemption out of partnership assets.

[Cited in Re Rupp, Case No. 12,141; Re Parks, Id. 10,765; Re Blodgett. Id. 1,555; Re Boothroyd, Id. 1,652; Re Handlin, Id. 6,018; Re Corbett, Id. 3,220.]

[In the matter of Bernard F. Young and John M. Young, bankrupts.]

By LUCIEN EATON, Register:

"At the request of George W. Lubke, Esq., attorney in this matter for John M. Young, I make the following statement of facts: At the second meeting the assignee presented his accounts for audit. In them I found two items of one hundred and fifty dollars each to his credit, thus: By cash exempted to B. F. Young, $150. By cash exempted to John M. Young, $150. The assignee's papers showing no assets from any source other than the partnership property, which will fall far short of the amount of the partnership debts proved, I was of opinion that money derived from partnership assets was not subject to exemption for the benefit of the separate members of the firm. Therefore, I disallowed the items. No exception was taken by the assignee or the bankrupts. John M. Young had previously presented to me a check for the sum exempted, which I declined to countersign, and told him I thought it could not be allowed. I also told him it would come up at the meeting. He did not attend, I think. The meeting was held November 20th, 1869, and the schedules of exempted property were filed the same day. They contain these items as 'exempted under the provisions of sections 12, 13, c. 63, Rev. St. Mo.' No creditor opposed or objected to the exemption, and the disallowance of the items was of my own motion. My views are as indicated. No statutes of Missouri exempt the joint property of the firm from execution for debts of the firm. There can be no individual property, properly speaking, in partnership assets, until partnership debts are paid, and the interest of the copartners in the residue ascertained. Here there is no residue. The partnership debts will never be paid in full, and no occasion to adjust the rights of the several partners inter se will ever arise. If I am in error in my view of the law, I think the mistake can still probably be corrected."

Hitchcock & Lubke, for bankrupts.

TREAT, District Judge. While the foregoing views of the register would in many cases control the action of an assignee, yet, as the bankruptcy act contemplates that the bankrupt shall retain, as exempt, specified property, or its equivalent, in some instances, it is lawful and proper, when there is no individual ownership by the head of a family, of the property referred to in section 11 of the said Missouri statute, to make the allowance out of partnership assets. It is true, as a legal proposition, that the individual interest of a partner in partnership property is as stated by the register, yet his right of exemption in his individual property disregards the otherwise legal rights of his creditors. The policy of exemptions, and the legal rules on which they rest, modify the strict technical rules by which rights of creditors are otherwise enforceable. In this case the exemptions claimed should be allowed.